IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHN BRILEY                                                                                      PETITIONER

VS.                            CASE NO. 5:14CV00222 JLH/HDY

RAY HOBBS, Director of the
Arkansas Department of Correction                                       RESPONDENT

PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

John Briley seeks federal habeas corpus relief pursuant to 28 U.S.C. §2254.  In his petition and amended petition Mr. Briley complains about detainers and holds placed upon him by the states of Mississippi, Texas, Louisiana, and Missouri.  Of primary concern to Mr. Briley is the possibility that Missouri may take undesired action against him.  He concedes that he is presently in custody in Arkansas, and requests that he be transferred to a "certified ADC prison."[1]  In response to the pleading filed by the respondent, Mr. Briley states that Missouri has not placed a detainer against Briley, but he seems to contend that Missouri has a warrant for his arrest, and he appears to want this Court to rule on whether Missouri can arrest him after he serves his sentence in the ADC[2]. Docket entry no. 24, page 1.

The grounds for relief alleged by the petitioner are:

1. The conditions in the England City Jail are unconstitutional; and

2. He has been denied due process, equal protection, a speedy trial, and subjected to double jeopardy because Missouri has not allowed him to participate in the

---

[1] After making this request, Mr. Briley has been transferred to the ADC's Grimes Unit, where he resides.

[2] Mr. Briley concedes he is in custody due to Arkansas convictions, but contends the respondent misstated the offenses and the length of the sentence.  For the purpose of this Proposed Finding and Recommendation, it is sufficient to note that Briley is in the custody of the State of Arkansas and he is not challenging the underlying convictions that resulted in his incarceration.

Interstate Agreement on Detainers.

**Conditions of Confinement:** Habeas corpus relief is available for one in custody "pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Mr. Briley's complaints about the conditions in the England City Jail, where he was housed at the time of composing his petition, are simply not claims which are properly litigated in a habeas corpus proceeding. Such claims are cognizable in actions brought pursuant to 42 U.S.C. §1983. *Heck v. Humphrey*, 512 U.S. 477 (1994). As a result, these complaints should be dismissed as improper allegations in this case.

**Violation of the Interstate Agreement on Detainers:** This allegation fails at a basic level. The respondent states that no detainers have been lodged against Mr. Briley. See Exhibit B and C to docket entry no. 23. Mr. Briley agrees with the respondent, noting specifically that Missouri has not yet placed a detainer with the ADC. Docket entry no. 24. As a result, the terms of the Interstate Agreement on Detainers would not apply to Mr. Briley, and there could be no violation of this law.

It appears that the essence of this action is Mr. Briley's desire that this Court order the State of Missouri to declare if it intends to arrest Mr. Briley at some point in the future. Such relief is not available in this habeas corpus petition. The petitioner is in the custody of the State of Arkansas, and he may use the habeas corpus petition to challenge the constitutionality of his confinement. This habeas petition may not, however, be used as a vehicle for ordering the State of Missouri to either act or declare its intentions with regard to possible crimes committed in Missouri.

Neither of the claims advanced by Mr. Briley have merit, as neither target his Arkansas convictions. As a result, we recommend that this petition be dismissed, and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §

2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this  24  day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE